UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDINA PROPERTY LLC,<br>　　　　　　Plaintiff,<br>　　v.<br>LAURA FOX, ET AL.,<br>　　　　　　Defendant. | Case No. 20-cv-00320-JSC<br><br>**SCREENING ORDER** |

　　　　Tom Hernandez of-the Ramirez-family, proceeding without an attorney and *in forma pauperis*, removed this unlawful detainer action to federal court. Mr. Hernandez invokes federal subject matter jurisdiction under 28 U.S.C. §§ 1441(a), (b). As an initial matter, Mr. Hernandez has filed an application to proceed in forma pauperis, which is GRANTED. (Dkt. No. 2.) The Court, however, ORDERS Mr. Hernandez to show cause as to (1) how he has standing to remove the action from state court, and (2) why this case should not be remanded to the San Francisco Superior Court for lack of subject matter jurisdiction.

　　　　As a threshold matter, it is not clear that Mr. Hernandez has standing to remove the complaint because he is not listed as a party on the state-court complaint. *See* 28 U.S.C.A. § 1441 ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.")(emphasis added); *Anaya v. QuickTrim, LLC*, No. CV 12-1967-CAS DTBX, 2012 WL 6590825, at *3 (C.D. Cal. Dec. 17, 2012) (holding that nonparty putative class member had no standing to remove a state court action to federal court); *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (holding that status as a party to the state court action

is a "precondition for the district court to have removal jurisdiction"). Further, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2).

Even if Mr. Hernandez has standing, it does not appear that there is a basis for federal subject matter jurisdiction. A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Mr. Hernandez bases removal on federal question jurisdiction. However, the removed complaint makes only a state-law claim for unlawful detainer. While Mr. Hernandez lists several federal statutes in his notice of removal, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense[.]"); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12–5540, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer"). Nor does it appear that the amount in controversy meets the jurisdictional

threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a); *see also* Dkt. No. 5-2 at 4 (stating that the amount demanded does not exceed $10,000).

In light of the foregoing, the Court ORDERS Mr. Hernandez to SHOW CAUSE as to why this action should not be remanded to state court. Mr. Hernandez shall respond to this Order in writing by **February 24, 2020**. If Mr. Hernandez fails to respond or his response fails to establish a basis for federal subject matter jurisdiction, the Court will prepare a report and recommendation recommending that a district judge remand the action to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: February 4, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDINA PROPERTY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LAURA FOX, et al.,<br><br>    Defendants. | Case No. 20-cv-00320-JSC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on February 4, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tom Hernandez
2919 25th Avenue
San Francisco, CA 94132-1539


Dated: February 4, 2020

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By: /s/ Ada Means
                                        Ada Means, Deputy Clerk to the
                                        Honorable JACQUELINE SCOTT CORLEY

4